
# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON RAYMOND AMES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-05-0266-HE |
| | ) |
| THE STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Alton Raymond Ames, a state prisoner appearing *pro se*, instituted this action under 42 U.S.C. § 1983 asserting that his constitutional rights were violated in conjunction with his arrest on October 4, 2000. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo, who has issued a Report and Recommendation. Having reviewed the complaint pursuant to 28 U.S.C. 1915A(a), the magistrate judge recommends that the action be dismissed because some of the plaintiff's claims replicate those asserted in another action based on the same incident;[1] the claims asserting perjured testimony, destruction of evidence and planted evidence are premature under Heck v. Humphrey, 512 U.S. 477 (1994); and the remaining claims are barred by the applicable two year statute of limitations. The plaintiff has filed an objection to the Report and Recommendation, which the court has considered in its de novo review.

The court concurs with Magistrate Judge Argo's analysis of the plaintiff's claims and

---

[1] *The plaintiff has another action pending, Ames v. Brown, No. CIV-02-1368-HE (W.D.Okla. filed Sep. 30., 2002), based on constitutional violations that allegedly occurred when he was arrested on October 4, 2000, in Logan County, Oklahoma and subsequently detained in the Logan County jail.*

adopts his Report and Recommendation. Accordingly, the plaintiff's claims against defendants Brown, Higgins, Metcalf and Bruning are dismissed as duplicative of his claims litigated in Ames v. Brown, No. CIV-02-1368-HE (W.D.Okla. filed Sep. 30., 2002) and his claims pertaining to the alleged destruction of favorable evidence and the use of fabricated evidence and perjured testimony are dismissed without prejudice. Finally, the plaintiff's claims relating to his arrest against any defendants not involved in Ames v. Brown, No. CIV-02-1368-HE (W.D.Okla. filed Sep. 30., 2002) and all other claims relating to his arrest and treatment after his arrest are dismissed as barred by the statute of limitations. These rulings moot the plaintiff's motion [Doc. #11] asking that counsel appointed to represent him in his other pending action be appointed to represent him in this case as well.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE